**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV496-02-MU
(3:04CR298-2-MU)**

| | |
|---|---|
| **RODNEY GODFREY,** )<br>    **Petitioner,** )<br>)<br>**v.** )<br>)<br>**UNITED STATES OF AMERICA,** )<br>    **Respondent.** )<br>_____) | **O R D E R** |

**THIS MATTER** is before this Court upon an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255, filed November 3, 2008 (document # 1). For the reasons stated herein, Petitioner's Motion to Vacate summarily will be denied and dismissed.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The record reflects that on December 13, 2004, a Superceding Bill of Indictment was filed charging Petitioner with conspiring to possess with intent to distribute 700 kilograms but less than 1,000 kilograms of marijuana. (Case No. 3:04CR298-2, document # 8). On January 10, 2005, the Government filed an Information Pursuant to 21 U.S.C. § 851 reporting that Petitioner previously had sustained two felony convictions which, if convicted on the subject marijuana charge, would subject him to enhanced punishment. (Case No. 3:04CR298-2, document # 15).

On September 27, 2005 Petitioner entered into a written Plea

Agreement with the Government whereby he agreed to plead guilty to the conspiracy charge. (Case No. 3:04CR298-2, document # 30 at ¶ 1). The parties' Agreement also contains Petitioner's stipulations that the amount of marijuana which was known to or reasonably foreseeable by him was at least 100 but less than 400 kilograms, and that he was convicted of the two offenses listed in the Government's §851 Notice. (Id. at ¶ 6a). Additionally, the Plea Agreement contains a provision by which Petitioner waived his rights directly and collaterally to attack his conviction and/or sentence on any grounds except ineffective assistance of counsel, prosecutorial misconduct, or on the ground that his sentence was imposed in contravention of an explicit stipulation set forth in the Plea Agreement. (Id. at ¶ 19).

Also on September 27, 2005, Petitioner appeared before the Court for a Plea and Rule 11 Hearing. On that occasion, the Court placed Petitioner under oath and engaged him in its standard, lengthy colloquy to ensure that his guilty plea was being intelligently and voluntarily tendered. At the outset of that proceeding, Petitioner told the Court that he understood that he had come to Court to enter a guilty plea to the conspiracy charge and that he was required to give truthful answers to the Court's questions. (Transcript of Plea and Rule 11 Hearing at 2-3, filed as document # 69 on October 12, 2006).

Then, in response to the Court's numerous questions,

2

Petitioner gave answers which established that he had received a copy of the Indictment and had reviewed it with his attorney; that he fully understood the charge and its corresponding penalties; and that he had taken enough time to discuss possible defenses with counsel. (Plea Tr. at 4 and 13). Furthermore, Petitioner acknowledged the terms of his Plea Agreement as they had been explained in Court, and he expressed his agreement with those terms. (Plea Tr. at 6). Petitioner also swore that he understood the rights he was relinquishing by pleading guilty, the appellate waiver from his Agreement, and how the Sentencing Guidelines might be applied in his case. (Plea Tr. at 8-13).

In addition, Petitioner swore that no one had threatened or coerced him into pleading guilty, and no one had made him any promises of leniency in order to induce his plea; that he was satisfied with the services of his attorney and did not wish to make any comment to the Court; that he fully understood his plea proceeding; and that he was tendering a guilty plea because he, in fact, was guilty of the subject charge. (Plea Tr. at 9 and 13-14). Accordingly, after reviewing Petitioner's answers to its questions, the Court determined that his guilty plea was knowingly and freely made, and so the Court accepted that plea. (Plea Tr. at 14-15).

Next, on August 15, 2006, the Court held Petitioner's Factual Basis and Sentencing Hearing. At the beginning of the

Hearing, Petitioner indicated that he had reviewed his Pre-Sentence Report with his attorney and the Court determined that the Report provided a factual basis for Petitioner's guilty plea. (Factual Basis and Sentencing Hearing Transcript at 2, filed as document # 70 on October 12, 2006).

Thereafter, the Court entertained defense counsel's numerous objections to the Pre-Sentence Report, which Report recommended, inter alia, that Petitioner be sentenced as a Career Offender. Specifically, defense counsel objected to the recommendation that Petitioner receive ten criminal history points because it appeared that Petitioner twice was assessed a criminal history point for the same conviction. (Sent'g. Tr. at 4-5). Defense counsel also argued that Petitioner's 1995 conviction under 18 U.S.C. § 924(c) no longer was valid because of certain post-convictions changes in the law which rendered inadequate the underlying factual basis. (Sent'g. Tr. at 6-8). Counsel also argued that even if the Court found that the § 924(c) conviction could be used to qualify Petitioner as a Career Offender, a downward variance was warranted because the Career Offender designation was incompatible with several of the express goals of 18 U.S.C. § 3553. (Sent'g. Tr. at 10-14). Last, counsel explained that although Petitioner had failed to provide substantial assistance, he had provided some help to the Government. (Sent'g. Tr. at 12).

Counsel for the Government deferred exclusively to the

Court's decision concerning the apparent double-counting; therefore, the Court sustained the objection and determined that Petitioner had nine not ten criminal history points. (Sent'g. Tr. at 5-6). However, the prosecutor argued that Petitioner had been unsuccessful in a prior attempt under § 2255 to have his § 924(c) conviction vacated, so he clearly could not invalidate that conviction during this Court's sentencing proceeding; that the Career Offender designation, in fact, was intended for people like Petitioner -- repeat offenders who failed to appreciate the seriousness and consequences of their earlier unlawful behaviors; and that Petitioner's cooperation considered of false information and efforts to hinder the Government's investigation of others. (Sent'g. Tr. at 8-15).

For his part, Petitioner apologized for his actions. (Sent'g. Tr. at 16). Petitioner also stated that he had learned his lesson and would wisely use his time in prison to learn a trade. (Sent'g. Tr. at 16).

After considering the arguments and record, the Court overruled defense counsel's objection to application of the Career Offender provisions. (Sent'g. Tr. at 16-17). However, the Court also found that the designation overstated the seriousness of Petitioner's conduct; therefore, a downward variance was warranted. (Sent'g Tr. at 17). Thus, the Court rejected the Pre-Sentence Report's recommendation for a sentence within the range

5

of 262 to 327 months (corresponding to Offense Level 34, Criminal History Category VI), granted a 15% variance reduction, and sentenced Petitioner to a term of 223 months imprisonment. (Sent'g. Tr. at 11 and 17).

Petitioner timely gave notice of his intent to appeal. (Case No. 3:04CR298-2, document # 54). Not surprisingly, however, the Government responded with a Motion to Dismiss Petitioner's appeal on the basis of his Plea Agreement's appellate waiver clause. On June 18, 2007, the appellate Court granted the Government's Motion and dismissed the appeal. (Case No. 3:04CR298-2, document # 83). On October 29, 2007, the United States Supreme Court denied Petitioner's Petition for a Writ of Certiorari.

Now, Petitioner has returned to this Court on the instant Motion to Vacate, alleging that he was subjected to ineffective assistance of counsel in three respects.[1] Specifically, Petitioner claims that counsel failed to explain that Petitioner was waiving his right to appeal, to realize that Petitioner's correct offense level was 31 not 34, and to ask the prosecutor to file a Rule 35 motion for him. However, as will be explained below, Petitioner is not entitled to any relief on his allegations

---

[1]Although Petitioner purports to set out a second "ground" in support of his motion, he actually is asking the Court to defer ruling on the instant Motion to Vacate while he awaits resolution of his second motion to vacate his § 924(c) conviction in Georgia. Thus, because this "ground" does not attempt to state a claim for relief -- and Petitioner can seek permission from the Fourth Circuit to file a second motion to vacate in this Court should he have reason to do so -- his request for a deferral will be denied.

6

against counsel.

## II. ANALYSIS

**1. This Court is authorized to promptly review and dismiss any § 2255 motion which does not contain a claim that entitles Petitioner to any relief.**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that the petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has carefully reviewed the petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that the petitioner is not entitled to relief on any of his claims.

**2. Petitioner's allegations of ineffectiveness are defeated by his failure to show, through objective evidence that, but for the alleged ineffectiveness he would have proceeded to trial on his charge.**

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective

7

standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977).

Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing Strickland, 466 U.S. at 697.

More critically, inasmuch as this Petitioner has alleged ineffective assistance of counsel following the entry of his guilty plea, he has a different burden to meet. See Hill v. Lockhart, 474 U.S. at 53-59; Fields, 956 F.2d at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). The Fourth Circuit described the petitioner's burden in a post-guilty plea claim of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [Strickland] test is slightly modified. Such a defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have

<blockquote>pleaded guilty and would have insisted on going to trial."</blockquote>

Hooper, 845 F.2d at 475 (emphasis added); accord Hill v. Lockhart, 474 U.S. at 59-60; and Fields, 956 F.2d at 1297. Critically, however, if a petitioner fails to meet his burden of demonstrating prejudice, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing Strickland, 466 U.S. at 697.

The "central inquiry," then, is whether, but for counsel's alleged errors, Petitioner would have insisted on a trial. Slavek v. Kinkle, 359 F.Supp.2d 473, 491 (E.D. Va. 2005) (summarily rejecting claims of ineffectiveness on prejudice prong based on petitioner's failure and inability to argue that but for the alleged errors, he would have insisted on a trial or entered a different guilty plea). Courts have stated that this inquiry is an "objective one" based on whether going to trial might "reasonably have resulted in a different outcome." Martin v. United States, 395 F. Supp. 2d 326, 329 (D. S.C. 2005). See also Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001) (finding that in light of overwhelming evidence of guilt and lack of available defenses, petitioner could not establish prejudice under the modified "reasonable probability" standard); and Burkett v. Angelone, 208 F.3d 172, 190-91 (4th Cir. 2000) (same).

In the present case, the Court notes that Petitioner does not even hint that but for counsel's alleged ineffectiveness, he

would have insisted upon going to trial; and that he had a viable defense to present in such a trial. Such failures stand as an initial barrier to Petitioner's claim.

Moreover, the record of this matter fails objectively to demonstrate that Petitioner would have obtained better results had he proceeded to trial. That is, Petitioner's Pre-Sentence Report reflects that had he gone to trial, the Government could have presented evidence that Petitioner weekly ordered 100 to 200-pound shipments of marijuana from his sources in California; that on an occasion, he was caught with over $35,000 in cash and three duffle bags containing marijuana residue; that Petitioner's brother delivered between 1,000 and 1,500 pounds of marijuana and quantities of cocaine from Petitioner to his co-defendant, De-marian Flemming; and that Petitioner previously was convicted of the two offenses listed in the § 851 Notice. (PSR at 3-5 and 8-9, filed September 8, 2006).

In addition, based upon the Government's evidentiary forecast, the probation officer opined that Petitioner had trafficked in at least 1,400 to 2,800 pounds of marijuana. (Id. at 5). Such evidence would have been sufficient to sustain Petitioner's conspiracy conviction and expose him to sentencing as a Career Offender.

Nevertheless, Petitioner was able to avoid sentencing based upon the full extent of his criminal conduct by pleading guilty,

10

stipulating to involvement with a vastly reduced amount of marijuana and no cocaine, and by receiving a three-level reduction for his acceptance of responsibility. Furthermore, that guilty plea inevitably put Petitioner in the position to convince the Court, notwithstanding his lack of assistance to the Government, that a 15% downward variance was warranted in his case. Thus, by pleading guilty, Petitioner was able to reduce his sentencing exposure from a term of 360 months to life imprisonment -- which range corresponds to Offense Level 37, i.e., the offense level Petitioner would have been at as a Career Offender had he not received the three-level reduction for accepting responsibility, down to a range of 223 to 279 months, which is the otherwise applicable Career Offender range along with his 15% reduction.

To put it simply, the foregoing information makes it clear that this Court reasonably cannot conclude that Petitioner somehow would have obtained a better result had he insisted upon a trial. Therefore, pursuant to the relevant legal principles, none of Petitioner's allegations against his former counsel can be sustained.

In addition, it has not escaped the Court's attention that Petitioner's claims against counsel would not have entitled him to relief in any event. Indeed, Petitioner's claim that counsel was unaware of or failed to advise him of the appellate waiver is entirely foreclosed by previously recounted evidence. Petitioner

11

has not bothered to explain his conclusory claim that counsel failed to realize that his adjusted offense level was 31 not 34. And, Petitioner cannot establish any prejudice on the basis of his claim that counsel failed to ask for a Rule 35 motion since there is no evidence to show that the Government would have been obligated to grant that request. Accordingly, even if Petitioner's claims against counsel were not doomed by his inability to establish that he would have been better off going to trial, such claims factually and legally are baseless and subject to summary dismissal.

### III.  CONCLUSION

Petitioner has failed to establish an entitlement to relief on his allegations that his former attorney rendered to him ineffective assistance of counsel. Therefore, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires this Court to <u>dismiss</u> the instant Motion to Vacate.

### V. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate is **DENIED and DISMISSED.**

**SO ORDERED.**                    Signed: November 10, 2008

_Graham C. Mullen_
Graham C. Mullen
United States District Judge